**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

**RICKY CLINE,**

**Plaintiff,**

**vs.** **CIVIL ACTION NO. 1:20-CV-00544**

**ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f. By Order entered August 18, 2020 (ECF No. 3), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

On August 17, 2020, Plaintiff filed his Application to Proceed Without Prepayment of Fees and Costs and Complaint in this matter. (ECF Nos. 1, 2) By Order and Notice entered on August 18, 2020, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed the U.S. Marshal's Service to serve the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, as Plaintiff is acting *pro se*.[1] (ECF No. 4)

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Summonses were issued by the Clerk and served upon Defendant via U.S. Marshal's Service (ECF No. 7); subsequently, on February 12, 2021, Defendant filed an Answer and a certified copy of the Transcript of the administrative proceedings (ECF Nos. 12, 13). Also on February 12, 2021, the undersigned entered an order directing Plaintiff to file his brief in support of his complaint by March 15, 2021 (ECF No. 14). Plaintiff did not file a brief, therefore, the undersigned issued an order directing Plaintiff to show cause for retention of this case on the docket and to file his brief; Plaintiff was further warned that this action will be dismissed for failure to prosecute thirty days from the date of the order should he fail to do so (ECF No. 15). There is no indication from the record that Plaintiff did not receive this Court's orders, as no mail has been returned from his given address.

**Discussion**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to *sua sponte* dismiss an action for a plaintiff's failure to prosecute.[2] See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010) ("A district court has inherent authority to dismiss a case

[2] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.' ") (quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

> (i) the degree of personal responsibility of the plaintiff;
> (ii) the amount of prejudice caused the defendant,
> (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
> (iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the undersigned finds that the delays in this case are attributable solely to Plaintiff. Indeed, not since the initial filing of his Application and Complaint on August 17, 2020, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action.[3] There is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the

---

[3] Plaintiff has also failed to respond to the undersigned's order entered on August 18, 2020 (ECF No. 6) to advise whether Dr. Kropac, the undersigned's law clerk's father, is involved in this matter to determine whether there could be a conflict with the undersigned's assignment to this action. As noted *supra* concerning the undersigned's other orders, there is no indication in the record that Plaintiff did not receive this earliest order.

undersigned concludes that Plaintiff is solely responsible of his lack of participation in the instant action.

With regard to the second factor, there is *some* prejudice to Defendant – having been served via U.S. Marshal's Service due to Plaintiff's *pro se* status, Defendant had sought to delay the filing of an Answer and the certified copy of the Transcript of the administrative proceedings due to staffing complications related to the COVID-19 pandemic (See ECF Nos. 8, 10). This action simply cannot proceed, and therefore, Defendant is prevented from defending same, as a result of Plaintiff's dilatory conduct, thus, the undersigned finds the second factor weighs against Plaintiff. Although there is no evidence in the record that Plaintiff has been "deliberately" dilatory, however, given he has not acted or responded to any of this Court's orders since August 2020 does demonstrate he has a *history* of dilatory action, which weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, *4 (S.D.W. Va. Aug. 14, 2014) (Johnston, J.) ("[A]lthough the Court lacks sufficient facts to determine whether Plaintiff's failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds that the third factor also weighs against Plaintiff.

Finally, with regard to the fourth factor, the undersigned recognizes that dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of his status as a pro se litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Court's prior orders. In consideration of all factors, the undersigned

concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[4] unless Plaintiff is able to show good cause for his failure to prosecute.

**Recommendations for Disposition**

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint (ECF No. 2) without prejudice, and remove this matter from this Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106

[4] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." Because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that he initiated this action in bad faith, the undersigned recommends dismissal without prejudice. See Hanshaw, 2014 WL 4063828, at *5.

S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to counsel of record.

ENTER: May 3, 2021.




Omar J. Aboulhosn
United States Magistrate Judge